NATIONAL CASH REGISTER Co., Plaintiff-Appellant, v. ALBORS & ROSARIO, Defendant-Appellants, and FRANCISCO FORTEZA & Co., summoned in warranty.

No. 3734. Argued March 8, 1927.—Decided July 20, 1927.

*López de Tord & Zayas Pizarro* for the defendant-appellants. *Hugh R. Francis* and *Manuel Cruz Horta* for the plaintiff-appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The National Cash Register Company sued Albors & Rosario on October 9, 1922, alleging that on October 28th of the previous year it had sold conditionally to V. Calderón of Aguadilla a cash register No. 842-1919-182, the purchaser promising to pay a part of the price in various monthly instalments and the contract being recorded in the Aguadilla register; that the plaintiff delivered the cash register to Calderón, but later and by mutual consent the contract was rescinded and it was agreed that the cash register should be returned to the plaintiff; that the cash register was illegally transferred to Francisco Forteza & Company who sold it to Albors & Rosario in whose possession it is, and that the ownership title to the cash register remains in the plaintiff in accordance with the contract and with Act No. 61 of 1916, wherefore it prayed the court to order the defendants to deliver the said cash register.

Albors & Rosario and Francisco Forteza & Co. opposed the complaint and after a trial the District Court of Ponce

on appeal rendered judgment in favor of the plaintiff without special imposition of costs. That judgment was appealed from by all parties, but the plaintiff limited its appeal to the matter of costs.

It appears from the evidence introduced at the trial that after the rescission by mutual consent of the contract of conditional sale entered into by the plaintiff and V. Calderón regarding the cash register which is the subject of this appeal the National Cash Register Co. delivered the said cash register to M. Cajigas & Sons as a loan pending the delivery to them of another cash register which they meant to purchase, and that while it was in the possession of M. Cajigas & Sons the cash register was seized in bankruptcy proceedings against them and sold by auction to Francisco Forteza & Co., from whom it was bought later by Albors & Rosario. Both purchasers were ignorant of the fact that it was in the possession of M. Cajigas & Sons as a loan.

Although the National Cash Register Company cited in support of its complaint Act 61 of 1916 and the court based thereon the judgment appealed from, that act is not applicable in the present case because the claim is not based on a contract of conditional sale for the reason that the contract entered into with V. Calderón had been rescinded and the cash register had been lent later by the National Cash Register Company to M. Cajigas & Sons. Therefore there was between them no contract of conditional sale.

Notwithstanding the foregoing, the plaintiff should recover the said cash register from Albors & Rosario, for under section 354 of the Civil Code every owner has a right of action against the holder and the possessor of the thing for its recovery, and although it is true that Albors & Rosario were *bona fide* purchasers of the cash register from Francisco Forteza & Co. who also acquired it in good faith in the public sale of the property of the bankrupt M. Cajigas & Sons, for which reason its possession is equivalent to a

title thereto under section 466 of the Civil Code, yet that title is not sufficient of itself and without the lapse of three years specified in section 1856 of the Code for the prescription of ownership of personal property to deprive the National Cash Register Company of its ownership. This question was considered at length and so decided in *Garcia et al.* v. *Savino et al.*, 19 P.R.R. 265, and *Garcia* v. *Suro et al.*, 19 P.R.R. 720, to which we refer so as not to make this opinion too lengthy.

The plaintiff has not perfected its appeal as to the costs nor filed any brief in support thereof.

For the foregoing reasons the appeal of the plaintiff must be dismissed and as regards the other parties the judgment appealed from is affirmed in all particulars.